In the Matter of HARRY BOBROFF, Petitioner, against PAUL MOSS, as Commissioner of Licenses of the City of New York, Respondent.

Supreme Court, Special Term, Kings County, November 16, 1944.

*Benjamin N. Friedland* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Harry Zamore* of counsel), for respondent.

HALLINAN, J.   Application for an order, pursuant to article 78 of the Civil Practice Act, to direct the Commissioner of Licenses of the City of New York to issue a license to petitioner to operate and conduct a billiard room at the premises described in the petition.

It cannot be said, upon a consideration of the record submitted in the instant application, that the Commissioner of Licenses of the City of New York was arbitrary and capricious in denying the petitioner a license to operate a poolroom in premises which the Police Department have characterized as " bad."

The premises have been operated since 1931 as a billiard establishment, and there is a record of arrests, including two convictions, for card gambling and book-making, which dates back to September, 1933.   Not the least serious of these arrests occurred on January 23, 1944, when one Aaron Berman was arrested on the licensed premises charged with keeping and maintaining a room where he permitted gambling and being a gamekeeper and dealer in said card game.   At the same time there were arrested nine boys, two of whom were sixteen, two seventeen, two eighteen, two nineteen, and one twenty years of age, all of whom were charged with using loud and boisterous language while engaged in a game of cards for money.   It is evident from the scattered home addresses of the boys that the premises had become widely known as a place where one could engage in gambling.   The second arrest of Berman on June 21, 1944, for book-making confirms the use to which the premises were put, for at that time a news ticker was seized.

This court is not without sympathy with the plight of the owner of the establishment who was obliged, while in the military service, to leave its conduct to another person.   But at neither of the two hearings was that person produced nor an explanation offered why Berman was permitted in the premises, certainly after the first arrest.

As between alleviating the situation of the owner by permitting a renewal of the license to enable him to sell the premises and refusing such renewal to a place which has become the habitat of gamblers, particularly boys and young men, it cannot be said that the choice made by the Commissioner was arbitrary and capricious.

The application is, accordingly, denied.